## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| SHINSHO AMERICAN CORPORATION, **Plaintiff,** | § § § § | |
| v. | § § | Civil Action No. 4:20-cv-00577 |
| HYQUALITY ALLOYS, LLC, **Defendant.** | § § § | Jury Demanded |

### TRANSPECOS BANKS, SSB'S
### ORIGINAL COUNTERCLAIM AND CROSS-CLAIM

Intervening defendant, TransPecos Banks, SSB ("**TransPecos**"), now acting as Counter-Plaintiff, files this Original Counterclaim and Cross-Claim against Shinsho American Corporation ("**Shinsho**") and, for the limited purpose below, HyQuality Alloys, LLC ("**HyQuality**"), as follows:

### Parties

1.     TransPecos, now acting as Counter-Plaintiff, has appeared in this case.

2.     Shinsho, the Counter-Defendant, has appeared in this matter, and may be served through its counsel.

3.     HyQuality, the Cross-Defendant, is a defendant in this action and has appeared and answered.

### Jurisdiction and Venue

4.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1332(a), in that the amount in controversy exceeds $75,000.00,  exclusive of interest and costs.  TransPecos is a state  savings bank organized under the laws of the State of Texas and domiciled with its headquarters and principal place of business in Bexar County, Texas.  Shinsho is a corporation

organized under the laws of the State of Delaware, with its principal place of business in the State of Michigan.

5. Additionally and alternatively, this Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. §1367(a) because ethe claims contained in this Counterclaim form part of the same case or controversy as the original action.

6. Venue is appropriate under 28 U.S.C. §1391

**Background**

7. HyQuality is an obligor to TransPecos under a Promissory Note dated September 16, 2016, in the original principal amount of $750,000.00 ("**Note 1**"). HyQuality is also on obligor under a Promissory Note with TransPecos dated September 16, 2016, in the original principal amount of $3,829,000.00 ("**Note 2**"). The outstanding principal balance of Note 1 is $697,787.12. The outstanding principal balance of Note 2 is $2,939,565.46. As of May 19, 2021, accrued interest on Note 1 was $53,337.69; plus late fees in the amount of $1,074.84, with a per diem of $114.70. Accrued interest on Note 2 as of the same date was $366,558.18, with a per diem of $624.15. Both Note 1 and Note 2 have been accelerated, and the principal and interest are due and owing, having been accelerated as of May 21, 2020.

8. Both Note 1 and Note 2 are secured by Deeds of Trust and Security Agreements, with liens perfected by filing the Deeds of Trust in the real property records of Montgomery County, Texas, and filed UCC-1 statements. The collateral securing repayment of Note 1 and Note 2 include all or substantially all of HyQuality's assets, including, among other things, inventory, raw materials and finished goods , and the proceeds thereof (the "**Collateral**").

9. Shinsho has asserted that HyQuality is in possession in of in excess of $20 million of steel pipe and bar (the "**Subject Steel**") that is owned by Shinsho. Upon information and belief,

and based upon the filings in this lawsuit and the representations made by HyQuality, HyQuality is the owner of such Subject Steel and, accordingly, the Subject Steel constitutes TransPecos' Collateral. Alternatively, to the extent that the Subject Steel is a consigned good, Shinsho has not perfected its interests under the Uniform Commercial Code and, accordingly, TransPecos' security interest is first and primary.

10. Notwithstanding TransPecos' lien, Shinsho has been requiring HyQuality to pay, and has been receiving the proceeds of the sale of, the Subject Steel. These actions are continuing and ongoing, and are in contravention of TransPecos' collateral secured by its lien.

11. All conditions precedent to recovery by TransPecos have occurred.

## Causes of Action

### *Conversion as to Shinsho*

12. TransPecos incorporates all matters set forth above.

13. TransPecos has a superior interest in and to the Subject Steel, and proceeds thereof, to that of Shinsho. Shinsho has assumed and exercised unlawful dominion and control over proceeds from the sale of the Subject Steel, to the exclusion and detriment of TransPecos. TransPecos has sought recovery of such proceeds, and Shinsho has refused, thus causing actual damages to TransPecos. TransPecos seeks recovery of all amounts from the proceeds of the sale of the Subject Steel that have been turned over to Shinsho, along with prejudgment interest as allowed by law.

### *Declaratory Judgment as to Shinsho and HyQuality*

14. TransPecos incorporates the matters set forth above by reference.

15. A dispute exists as to the priority of interests in the Subject Steel. TransPecos seeks a declaration pursuant to 28 U.S.C. §2201 and/or Section 37.001 *et seq.* of the Texas Civil Practice

and Remedies Code that its lien on the Subject Steel and proceeds thereof is superior to any interest held by Shinsho, and that the Subject Steel constitutes TransPecos' Collateral.

16.     HyQuality is joined as to this cause of action for the purposes of ensuring that it is bound by this Court's determination as to the priority of TransPecos' lien on the Subject Steel.

17.     TransPecos seeks recovery of its attorneys' fees and costs pursuant to Section 37.009 of the Texas Civil Practice & Remedies Code, and/or other applicable law.

**WHEREFORE**, based on the foregoing, TransPecos requests that upon final hearing, TransPecos recover judgment on the claims set forth above, along with pre and post-judgment interest, costs and attorneys' fees and such other and further relief to which it may be entitled.

Respectfully submitted,

WALLER LANSDEN DORTCH & DAVIS LLP


By:   */s/ Mark C. Taylor*
              Mark C. Taylor
              State Bar No. 19713225
              mark.taylor@wallerlaw.com
              Morris D. Weiss
              State Bar No. 21110850
              morris.weiss@wallerlaw.com
              William R. "Trip" Nix
              State Bar No. 24092902
              trip.nix@wallerlaw.com
100 Congress Avenue, 18th Floor
Austin, Texas 78701
Telephone:  (512) 685-6400
Telecopier:  (512) 685-6417

**ATTORNEYS FOR TRANSPECOS BANKS, SSB**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served on counsel of record via the Court's ECF system on July 30, 2021.

*/s/ Mark C. Taylor*
Mark C. Taylor