UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHINSHO AMERICAN CORPORATION, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-20-577 |
| | § | |
| HYQUALITY ALLOYS, LLC, | § | |
| | § | |
| *Defendant*. | § | |

### MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff Shinsho American Corporation's ("Shinsho") motion for partial summary judgment. Dkt. 93. Defendant HyQuality Alloys, LLC ("HQA") did not file a response to the instant motion by the January 7 deadline. After reviewing the motion and the applicable law, the court is of the opinion that Shinsho's motion for partial summary judgment (Dkt. 93) should be GRANTED.

### I. BACKGROUND

This case concerns a dispute over the ownership and sale of various steel products. Dkt. 80. The instant motion is restricted to a class of steel products that HQA purchased but has not yet paid for (the "Purchased Bars").[1] Dkt. 93 at 2–3.

Shinsho sells and distributes steel products such as rolled rounded bars, forged and rough turned round bars, and hot rolled mechanical seamless tube products. Dkt. 93, Ex. 1 ¶ 2. Shinsho K'Mac Precision Parts, LLC ("SKPP") is a related company that also sells and distributes steel

---

[1] The other class of steel products in this lawsuit—those that were shipped to HQA under a consignment agreement, are still in HQA's possession, but have not yet been purchased—are subject to a preliminary injunction. Dkt. 75.

products. *Id.* HQA was a customer of both Shinsho and SKPP. *Id.* SKPP has assigned its claims against HQA to Shinsho. Dkt. 93, Ex. 1-1.

Yasunori Itoh ("Itoh") is a sales manager for Shinsho. Dkt. 93, Ex. 1 ¶ 3. Itoh was responsible for monitoring the orders HQA placed with Shinsho and SKPP, including tracking delivery and payment. *Id.* HQA would place orders with Shinsho or SKPP by submitting purchase orders. *Id.* ¶ 7. Then, Shinsho or SKPP would ship the orders and send HQA invoices after delivery. *Id.* ¶ 8. Itoh updated spreadsheets for Shinsho and SKPP that matched each purchase order form with the correct invoice and maintained an accounts receivable balance. Dkt. 93, Exs. 1-2, 1-3.

Between April 2017 and August 2019, HQA sent Shinsho purchase orders for steel products totaling $3,732,708.39. Dkt. 93, Exs. 1-2, 1-4. Between February 2017 and December 2018, HQA sent SKPP purchased orders for steel products totaling $5,653,157.22. Dkt. 93, Exs. 1-3, 1-5. These two sets of purchase orders encompass all the Purchased Bars. Dkt. 93, Ex. 1 ¶ 7. Shinsho and SKPP fulfilled the orders and invoiced HQA for $9,385,865.61. Dkt. 93, Exs. 1 ¶ 8, 1-6, 1-7. HQA received the Purchased Bars but never paid the invoices. Dkt. 93, Ex. 1 ¶ 8. Shinsho now moves for partial summary judgment regarding the Purchased Bars; it seeks damages of $9,385,865.61 for breach of contract plus interest and attorney's fees. Dkt. 93 at 5. HQA did not file a response by the deadline.

## II. LEGAL STANDARD

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for

the nonmoving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). If the moving party meets its burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Env't Conservation Org. v. City of Dallas*, 529 F.3d 519, 524 (5th Cir. 2008).

"Failure to respond to a motion will be taken as a representation of no opposition." S.D. Tex. L.R. 7.4. "A motion for summary judgment cannot be granted simply because there is no opposition." *Day v. Wells Fargo Bank Nat'l Ass'n*, 768 F.3d 435, 435 (5th Cir. 2014) (per curiam) (quoting *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985)). "However, a court may grant an unopposed summary judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law." *Id.*

### III. ANALYSIS

Shinsho moves for partial summary judgment on the breach of contract claim regarding the Purchased Bars, arguing that there is no genuine dispute of material fact for any element of the claim. Dkt. 93 at 4–5. The moving party "always bears the initial responsibility of . . . demonstrate[ing], the absence of a genuine issue of material fact." *Jones v. United States*, 936 F.3d 318, 321 (5th Cir. 2019) (quoting *Celotex*, 477 U.S. at 323). Because Shinsho would bear the burden on this claim at trial, it "must establish beyond peradventure all of the essential elements of the claim." *See Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Under Texas law, the elements for a breach of contract claim are "(1) a valid contract exists; (2) the plaintiff

performed or tendered performance as contractually required; (3) the defendant breached the contract by failing to perform or tender performance as contractually required; and (4) the plaintiff sustained damages due to the breach." *Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019).

For the first element—valid contracts exist—Shinsho must show contracts for the sale of two categories of Purchased Bars: (1) those HQA purchased from Shinsho and (2) those HQA purchased from SKPP. *See* Dkt. 93, Ex. 1 ¶ 5. Shinsho presents evidence of a valid contract for the first category in the form of purchase orders and invoices. Dkt. 93, Exs. 1-4, 1-6. Shinsho also presents evidence of a valid contract for the second category in the form of purchase orders and invoices. Dkt. 93, Exs. 1-5, 1-7. Further, an agreement is provided as evidence that SKPP assigned its rights to Shinsho. Dkt. 93, Ex. 1-1. The court finds that Shinsho has carried its burden regarding the first element.

The second and third elements Shinsho must establish are that Shinsho performed as contractually required and that HQA then breached by not performing as contractually required. *See Pathfinder Oil*, 574 S.W.3d at 890. Itoh's declaration states that Shinsho fulfilled its obligation under the contract by delivering the Purchased Bars to HQA prior to sending each invoice. Dkt. 93, Ex. 1 ¶ 8. Further, the declaration states that HQA breached the contract by failing to pay for the Purchased Bars. *Id.* The court finds that Shinsho has carried its burden regarding the second and third elements.

Finally, Shinsho must prove it suffered damages. *See Pathfinder Oil*, 574 S.W.3d at 890. Itoh's declaration and supporting business records establish that HQA owes Shinsho

4

$9,385,865.61 after accounting for partial payments, credits, and offsets. Dkt. 93, Exs. 1 ¶ 11, 1-2, 1-3. The court finds that Shinsho has carried its burden regarding the fourth element.

Shinsho has thus carried its burden to establish the essential elements of the claim. *See Fontenot*, 780 F.2d at 1194. Accordingly, the burden shifts to HQA to set forth specific facts showing a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). In failing to respond, HQA has failed to carry its burden. *See Day*, 768 F.3d at 436–37. Therefore, Shinsho is entitled to summary judgment as a matter of law for damages in the amount of $9,385,865.61.

## IV. CONCLUSION

For the reasons provided, Shinsho is entitled to summary judgment as a matter of law on its breach of contract claim regarding the Purchased Bars. Therefore, Shinsho's motion for partial summary judgment (Dkt. 93) is GRANTED. The court will address the questions of interest and attorneys' fees after all claims have been adjudicated.

Signed at Houston, Texas on January 25, 2022.

_____
Gray H. Miller
Senior United States District Judge